UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL TAHENY, et al.,

        Plaintiffs,

    v.

WELLS FARGO BANK, N.A.,
et al.,

        Defendants.

_____/

NO. CIV. S-10-2123 LKK/EFB

O R D E R

This court issued a preliminary injunction in November, 2010, barring the defendants from foreclosing upon plaintiff's home. ECF No. 26. Plaintiffs now move for a modification of the preliminary injunction. Defendants filed a statement of non-opposition, but defendant's proposed order differs in significant ways from the proposed order filed by the plaintiffs. A hearing is scheduled on this motion on March 14, 2011. The court does not find oral argument necessary and decides the motion on the papers. For the reasons stated below, plaintiff's motion for a modification of the preliminary injunction, ECF No. 35, is GRANTED. The hearing

1

currently scheduled for March 14, 2011 is VACATED.

## I. Background

Plaintiffs originally filed suit in California Superior Court, County of El Dorado on July 26, 2010. Defendants removed the case to federal court based on diversity jurisdiction on August 05, 2010. Defendants then moved to dismiss plaintiffs' original complaint.

On October 5, 2010, while defendants' motion to dismiss was pending before the court, plaintiffs sought a temporary restraining order ("TRO") against the foreclosure of their home. On October 12, 2010, after defendants' counsel failed to appear at the TRO hearing, the court granted the TRO. Subsequently, plaintiffs moved for a preliminary injunction, which was granted on November 15, 2010. The injunction prohibits the defendants from foreclosing upon plaintiffs' home until further order of this court. The court subsequently granted in part and denied in part the defendant's motion to dismiss, and granted plaintiff leave to file and amended complaint. Plaintiffs did so on January 21, 2011.

Pending before the court is a motion by plaintiff to modify the terms of the preliminary injunction. Plaintiffs request that the preliminary injunction be modified to require them to pay defendant reasonable rent in the amount of $900 per month during the pendency of the action. Plaintiffs also request a modification stating that the preliminary injunction shall remain in place throughout the pendency of the action. Although the defendants filed a statement of non-opposition, they conditioned their non-

2

1  opposition on the court approving a proposed order that differs
2  sharply from the proposed order submitted by plaintiffs. In
3  particular, whereas plaintiff's proposed order states "the
4  preliminary injunction will be enforced in the current action
5  throughout the pendency of this action," ECF No. 38, defendants'
6  proposed order states, "if any payment is more than seven calendar
7  days late, Wells Fargo Bank, N.A. will be entitled to declare a
8  default and move to have the preliminary injunction dissolved on
9  that basis." ECF No. 44-1. The court therefore construes the
10 statement of non-opposition as an opposition to the proposed order.
11         **II. Standard for Modification of a Preliminary Injunction**
12     Courts issuing injunctions have inherent power to modify them.
13 "The source of the power to modify is . . . the fact that an
14 injunction often requires continuing supervision by the issuing
15 court and always a continuing willingness to apply its powers and
16 processes on behalf of the party who obtained that equitable
17 relief." System Federation No. 91 Railway Employees' Dep't v.
18 Wright, 364 U.S. 642, 647 (1961). See also, A&M Records v. Napster,
19 Inc., 284 F.3d 1091, 1098 (9th Cir. 2002). The court's discretion
20 to modify injunctions is "wide." Id.
21     In this district, Local Rule 231(e) allows a party affected
22 by a preliminary injunction to apply to the court for modification
23 of the injunction.
24                              **III. Analysis**
25     Plaintiff requests that the preliminary injunction be modified
26 to require rent payments by plaintiff to defendants in order to

3

1 prove that plaintiffs are not trying to unfairly live for free in
2 their home during the pendency of this action. Plaintiffs assert
3 that they have made good-faith offers to defendant Wells Fargo to
4 pay $900 in monthly rent, but that Wells Fargo has not responded
5 to the offers.  Plaintiffs assert that they wish to "do equity" by
6 paying rent to defendants in order to "preserve the vitality of the
7 injunction." Pls.' Memo in Supp. of the Mot. 4.

8     As noted above, defendant Wells Fargo has not made any
9 arguments in opposition to plaintiff's request. However, the
10 proposed order submitted by Wells Fargo would allow the defendant
11 to declare default if the plaintiffs are more than seven (7) days
12 late with a monthly rent payment, and would give the defendant
13 grounds to move to dissolve the injunction.

14     Given the court's broad discretion and inherent authority to
15 modify preliminary injunctions that it has issued, the court
16 declines to adopt the defendant's proposed order. Defendant would
17 derive excessive benefits from the modification that it proposes:
18 it would become entitled to receive $900 per month that it is not
19 entitled to receive under the present preliminary injunction, and
20 it would give the defendant a basis on which to dissolve the
21 preliminary injunction–a basis that it is not currently entitled
22 to.

23     Similarly, plaintiff's proposed order contains a modification
24 that it has not shown good cause for. Plaintiff proposes that the
25 preliminary injunction "be enforced in the current action
26 throughout the pendency of this action." Pls.' Proposed Order 2,

4

1  ECF No. 38. The current preliminary injunction specifies that the
2  defendants are barred from foreclosing on the property until
3  further order of the court. The court sees no reason to modify that
4  provision in the way that plaintiffs request, since the court may
5  see fit to lift the injunction before the action is disposed of.

### IV. Conclusion

7  Since plaintiff's request to pay rent in the amount of $900
8  per month to defendant is unopposed, the court GRANTS plaintiff's
9  motion to modify the preliminary injunction in part. The court
10 ORDERS as follows:
11     [1] Plaintiff's motion, ECF No. 35 is GRANTED in part
12         and DENIED in part.
13     [2] The preliminary injunction issued by this court on
14         November 15, 2010, ECF No. 26 is modified to include the
15         following provision: "Plaintiffs will pay a monthly
16         payment to Defendant Wells Fargo in the amount of nine
17         hundred dollars ($900) beginning April 1, 2011.
18     [3] The hearing currently scheduled for March 14, 2011
19         is VACATED.
20  IT IS SO ORDERED.
21  DATED:  March 10, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5